## DRYDEN v. UNITED STATES.

### No. 12658.

Circuit Court of Appeals, Eighth Circuit.

Jan. 3, 1944.

H. D. Kissenger, of Kansas City, Mo., for appellant.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before THOMAS and JOHNSEN, Circuit Judges and MOORE, District Judge.

THOMAS, Circuit Judge.

The appellant was indicted, tried and convicted for the violation of 18 U.S.C.A. § 400, and he appeals.

The indictment in one count charged, in the language of the statute, that the appellant transported a girl under the age of 18 years, to-wit, 15 years of age, in interstate commerce upon the line and route of a common carrier, from Loveland, Oklahoma, to Kansas City, Missouri, with the intent and for the purpose of inducing, enticing and compelling her to engage in prostitution.

After trial the defendant was adjudged guilty and sentenced "to a period of 10 years in an Institution to be designated by the Attorney General; said sentence to begin upon the expiration of any sentence heretofore imposed, particularly the sentence of three years imposed by the Circuit Court of Jackson County, Missouri."

The case was submitted in this court on written brief for the appellant. The only point argued is that the sentence is excessive, and no authorities in support of appellant's contention are cited. It is argued that the appellant is 63 years of age and that the 10-year sentence imposed by the trial court added to the 3-year sentence imposed by the state court makes 13 years, which is beyond the punishment intended by Congress, "and at least said terms should have been to run concurrently." The record does not disclose the nature of the case referred to in the state court, but we may take judicial notice that it

488

was not a prosecution for violation of the federal Criminal Code.

■ The statute provides that upon a conviction for its violation a defendant "shall be punished by a fine of not more than $10,000, or by imprisonment for a term not exceeding ten years, or by both such fine and imprisonment, in the discretion of the court." The discretion thus delegated by Congress is committed to the trial court, not to this court, and a sentence within the statutory limit is not reviewable, Feinberg v. United States, 8 Cir., 2 F.2d 955, 958, "unless the penalty prescribed is clearly and manifestly cruel and unusual." Welch v. Hudspeth, 10 Cir., 132 F.2d 434, 436. Here the sentence imposed is not only within the statutory limits, but, considering the aggravated nature of the crime, the court cannot say that it is cruel and unusual.

Although the alleged excessive penalty is the only error argued on this appeal, we have, because of the age of the appellant and the unusual and evil nature of the offense, reviewed the entire record; and finding no error the judgment is affirmed.