## GASTON v. UNITED STATES.

### No. 8624.

United States Court of Appeals
District of Columbia.

Argued March 9, 1944.

Decided April 10, 1944.

Mr. P. Bateman Ennis, of Washington, D. C., for appellant.

Mr. John P. Burke, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, Charles B. Murray and John B. Diamond III, Assistant United States Attorneys, all of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

■ This is an appeal to review a judgment of the Municipal Court of Appeals for the District of Columbia, 34 A.2d 353, affirming the conviction of the appellant for unlawfully wearing the duly prescribed uniform of a captain in the United States Army. We took this appeal because the case appeared to be one of unusual hardship. Appellant was given a jail sentence for an offense which he committed, so far as the record shows, without intent to violate the law and without knowledge of the illegality of his act. It may well be that he was unreasonable in his belief that he was entitled to wear the uniform of his former rank on special occasions. Nevertheless, he is a man of seventy-four years of age who took great pride in the fact that he had once been a captain in the New York State Guard. Although he was honorably discharged and never given the status of a reserve officer, he appears to have convinced himself, by reason of certain notices from the Reserve Officers Association of the United States mistakenly addressed to him as Captain and by reason of his membership in the United States Infantry Association, that he had a right to wear the uniform on special occasions. Apparently acting on that belief he wore it to an evening affair at the canteen of the National Press Club. The evidence, however, clearly shows that appellant's wearing of the uniform was in violation of the law.

■ The only theory on which the defendant's conviction could be reversed is that the statute under which he is convicted requires an intent to violate the law as well as an intent to wear the uniform. Unfortunately for the defendant, the statute[1] is not capable of such a construction. If a defendant intentionally wears a duly prescribed uniform of the United States Army or any distinctive part of such uniform he is guilty under the statute if his act is actually unlawful regardless of

---

[1] Section 125 of the National Defense Act of June 3, 1916, 39 Stat. 216, 10 U.S.C.A. § 1393.

his belief in the propriety of his conduct. The analysis of the evidence and the law is so well set out in the opinion of the Municipal Court of Appeals for the District of Columbia that we adopt it as our own conclusion.[2] The Municipal Court of Appeals for the District of Columbia pointed out the fact that the sentence appeared to be too severe but stated that this was "a matter wholly within the discretion of the trial judge who, in determining the sentence, has available to him matters not usually incorporated in the record on appeal".

██ The Municipal Court of Appeals for the District of Columbia is unquestionably correct in holding that circumstances showing the essential justice of the sentence are not a necessary part of the record on appeal. Yet in cases like this, apart from the technical requirements of the record, the appearance of unfair and inequitable enforcement of the law can be avoided if the prosecution or the court puts into the record some explanation of apparently harsh treatment of a defendant. As the record now stands the prosecution itself has the appearance of extremely technical rather than essentially just enforcement of law, and the sentence seems an arbitrary penalty for an act committed in good faith. It was this harsh result on the face of the record which induced us to take this appeal and examine carefully whether such a result was compelled by law. We cannot, however, consider the question of possible abuse of discretion in imposing this sentence because there may be circumstances not in the record which justify its apparent severity.

██ The judgment is affirmed in the hope that the trial court will have an opportunity again to consider whether or not the sentence is too severe in the light of all the circumstances.[3]

Affirmed.

[2] Gaston v. United States, D.C.Mun. App.1943, 34 A.2d 353.

[3] Under the Probation Act applicable to the District Courts outside of the District of Columbia it has been held that probation may be granted after appeal to and affirmance by the Circuit Court of Appeals but before service of sentence has begun. Kriebel v. United States, 7 Cir., 1926, 10 F.2d 762; Nix v. James, 9 Cir., 1925, 7 F.2d 590. Such practice seems to be equally permissible under the District of Columbia probation statute. D.C.Code 1940, § 24—102.