## TILLMAN v. DISTRICT OF COLUMBIA.
### No. 971.

Municipal Court of Appeals for the
District of Columbia.

Argued Dec. 11, 1950.

Decided Dec. 20, 1950.

Arthur G. Tillman pro se.

Edward A. Beard, Asst. Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Asst. Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Three contentions are made by defendant in appealing his conviction on a charge of operating a rooming house without a license. Code 1940, § 47—2347. One contention is that he was refused a continuance. But the record shows that there had been two continuances of ten days each and there is nothing in the record or in appel-

lant's brief or in his oral argument from which we would be justified in ruling that there was an abuse of discretion in refusing to continue the case a third time.

Though he did not assign it as error, appellant says he should not have been convicted because he held a receipt, issued by the District authorities, covering the fee he had paid for an application for a rooming house license. We note that merely *applying* for a license does not satisfy the law; there must be an actual issuance of the license. We note also that the record shows that although defendant was given notice in writing to correct some sixteen defects "in health matters," twelve of such defects remained uncorrected two months later and consequently his application was rejected. More than a month after the rejection, a Health Department inspector found that three of such sixteen items "had been abated," but others were still present. A week after that, four more items had been abated but the others remained uncorrected. Also, it is not unfair to mention that after conviction and before sentence the house was again inspected at the request of the trial judge and it was found that even then three of the items still remained uncorrected.

■ A witness from the License Bureau testified that no rooming house license had been issued for the premises in question and none could be issued because "the premises did not come up to the requirements of the health and plumbing department." Under all these circumstances, it would be difficult, if not impossible, to construct a theory of innocence in this case, either from the fact that defendant had pending an application for a license or from any other circumstance disclosed by the evidence.

■ Defendant's final contention, and the one he stressed most in his argument, is that the fine of $150 was excessive. Of course it cannot be termed excessive as a matter of law since it was just half of the maximum permitted by statute. The sentence being within the statutory limits, we as an appellate court have no power to reduce it. Seidenberg v. District of Columbia, D.C.Mun.App., 71 A.2d 607; Gaston v. United States, D.C.Mun.App., 34 A.2d 353,

affirmed 79 U.S.App.D.C. 37, 143 F.2d 10, certiorari denied 322 U.S. 764, 64 S.Ct. 1286, 88 L.Ed. 1591.

There was no taint of reversible error in defendant's trial, conviction, or sentence.

Affirmed.