RICHARDS v. UNITED STATES.

KRUPNICK v. UNITED STATES.

Nos. 4308, 4328.

United States Court of Appeals
Tenth Circuit.

Dec. 29, 1951.

John A. Cochran and Elmore A. Page, Tulsa, Okl., for appellants.

Hobart Brown, Asst. U. S. Atty., Tulsa, Okl. (Whit Y. Mauzy, U. S. Atty., Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Gene A. Krupnick, W. H. Richards and Eva Powers were indicted in the Northern District of Oklahoma for conspiracy to violate the provisions of the Harrison Narcotic Act, 26 U.S.C.A. § 2550 et seq., relating to the transfer and sale of narcotic drugs. In substance the indictment charged that from on or about October 1, 1950, and continuously thereafter up to and including November 10, 1950, the defendants conspired and agreed with each other and with Dr. T. W. Stallings to make false statements and representations and to use false writings in the purchase and procurement of demerol, a synthetic narcotic drug and a substitute for morphine; that as a part of the conspiracy the defendants, Richards and Powers, would represent themselves to Dr. Stallings as patients in need of the drug for personal medicinal use, with the understanding that when the same was obtained it would be delivered to the defendant, Krupnick. The indictment further charged as a part of the conspiracy that defendants agreed to procure the assistance of Dr. Stallings by false representations to telephone various drug stores and others filling prescriptions in the City of Tulsa, Oklahoma, informing them that the prescriptions issued to Richards and Powers should be filled. The indictment charged that the defendants committed eight overt acts to effectuate the objects of the conspiracy. The overt acts consisted of obtaining prescriptions from Dr. Stallings for the drug and having them filled, then a delivery of the drug to Krupnick to satisfy his addiction. No question is raised as to the sufficiency of the indictment. The defendant, Powers, entered a plea of guilty, and Krupnick and Richards were convicted by a jury, whereupon Krupnick was sentenced to serve a term of three years imprisonment and Richards two years. They have appealed on a consolidated record.

The defendants urge two grounds for reversal: (1) the evidence of a conspiracy to violate the provisions of the Harrison Narcotic Act was insufficient to sustain the judgment; (2) the court erred in refusing to sustain a motion for a mistrial upon the ground that the court made a prejudicial statement to the jury on its voir dire examination.

It is contended that the narcotics were obtained on prescriptions issued by a physician registered under the Act, therefore the defendants could not be guilty of a crime of conspiracy to violate the provisions of the Act for the reason that purchases of this nature were not prohibited. They rely principally upon the case of Nigro v. United States, 8 Cir., 117 F.2d 624, 133 A.L.R. 1128. That case is readily distinguishable on the facts. There Nigro, a physician authorized to dispense narcotics, was found guilty of conspiring with an addict to furnish him prescriptions for narcotics to satisfy his addiction. The court held that it was not a crime for the addict to obtain prescriptions for that purpose, therefore Nigro could not conspire to commit an offense which did not exist. That court did, however, hold that it was an offense for a registered physician to issue a prescription for narcotics to be used by a known addict. The indictment here charges the conspiracy to be that two of the defendants would represent themselves to Dr. Stallings as patients in need of narcotics in order to obtain prescriptions for drugs to be supplied to an addict which Dr. Stallings could not lawfully supply.

Dr. Stallings was an elderly man, confined to his bed by illness, and described by Krupnick as being senile. The defendants made frequent visits to the doctor for

the purpose of obtaining prescriptions for the narcotics. On most occasions he was physically unable to fill out prescription forms when they were requested by Powers and Richards. The defendants obtained blank prescription forms from him and filled them out and presented them to him for signature. At their request the doctor, on some occasions, telephoned to the place where the prescriptions were to be filled to advise that the prescriptions were regularly issued and should be filled. In a number of cases Krupnick forged the doctor's signature to prescriptions. All were presented by one of the three defendants at different places to be filled. The drugs so obtained were not for medicinal purposes but were to satisfy the cravings of one or more of the defendants. The possession or acquisition of drugs obtained in pursuance of a prescription issued by a physician registered under the provisions of the Act is not unlawful if the prescription is written for legitimate medical uses, 26 U.S.C.A. § 2553(b) (1). Physicians are exempt from the operation of the Act only when they dispense drugs in good faith in their regular practice to a patient direct or by written prescription. Mitchell v. United States, 10 Cir., 143 F.2d 953, 957. There this court said that a physician violates the statute if "knowing a person to be an addict and for the purpose of treating him for any other disease, he delivers or dispenses narcotics in amounts greater than is necessary to satisfy the addict's craving if consumed at one time, and intending that he should use the drugs by self-administration over a period of time." See also Webb v. United States, 249 U.S. 96, 39 S.Ct. 217, 63 L.Ed. 497.

Conceding that the procurement of prescriptions for narcotics by an addict for his own use is not a crime, still conspiracy is a separate and different offense from the crime which is the object of the conspiracy, and addicts and others may be guilty of a conspiracy to effect a violation of the law relating to the sale and transfer of narcotics even though they could not be guilty of a substantive offense. Gebardi v. United States, 287 U.S. 112, 120, 53 S.Ct. 35, 77 L.Ed. 206; United States v. Rabino-

wich, 238 U.S. 78, 87, 35 S.Ct. 682, 59 L.Ed. 1211; Curtis v. United States, 10 Cir., 67 F.2d 943, 946. Here the scheme of the defendants was to prevail upon Dr. Stallings to provide them with prescriptions to obtain drugs to satisfy the craving of addicts which in some instances were not those named in the prescription. Clearly the issuance of such prescriptions was a crime. We hold the evidence is sufficient to sustain the conviction.

When the jury was being impaneled the court stated that the defendant, Powers, had entered a plea of guilty to the charge. Krupnick and Richards moved for a mistrial on the grounds that the statement was prejudicial to them. There was no merit to this contention. The court did no more than make a statement of fact as to the condition of the record. The defendants did not request that the jury be instructed to disregard the statement in determining the guilt or innocence of the remaining defendants. Later Powers was called as a witness for the government and testified in full as to the conduct of the defendants relating to the charge and admitted in detail her part in it, all of which was competent and without objection from the defendants. Under such circumstances the defendants were not prejudiced. The statement was made by the court for the purpose of calling the jury's attention to those persons who were on trial and was one of those incidents which occurs in the trial of a case that ordinarily is within the discretion of the court. Grunberg v. United States, 1 Cir., 145 F. 81; United States v. Falcone, 2 Cir., 109 F.2d 579, affirmed 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128; United States v. Rollnick, 2 Cir., 91 F.2d 911, 917.

It is suggested by the defendant, Richards, that as to him the two year sentence is excessive. The statute, 26 U.S.C.A. § 2557, provides that any person who is convicted of violating or failing to comply with the requirements of the statute shall be fined not more than $2,000 or be imprisoned not more than five years, or both, in the discretion of the court. The fixing of penalties for criminal offenses is a legislative function, and a sentence within the limits fixed in a statute which has been vio-

lated will be disturbed on appeal only when it is clear that it is excessive, cruel and unusual. Martin v. United States, 10 Cir., 100 F.2d 490, certiorari denied 306 U.S. 649, 59 S.Ct. 590, 83 L.Ed. 1048; Martin v. United States, 10 Cir., 99 F.2d 236; Bailey v. United States, 10 Cir., 74 F.2d 451. The circumstances of this case do not warrant interference with the sentences.

The judgments are affirmed.