## BOHANNON v. DISTRICT OF COLUMBIA.

### No. 1368.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 21, 1953.

Decided Oct. 13, 1953.

Alonzo Bohannon, appellant, pro se.

Hubert B. Pair, Asst. Corp. Counsel, with whom Vernon E. West, Corp. Counsel, and

Chester H. Gray, Principal Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

### HOOD, Associate Judge.

Appellant was convicted of failing to yield the right of way after stopping at a stop sign.[1] He was sentenced to pay a fine of $10 or in default thereof to serve ten days. His motion for a new trial was granted. He was then tried before another judge who found him guilty and imposed a sentence of $100 or thirty days. He moved for a new trial, alleging, among other things, that he had a witness who would corroborate his testimony. At the hearing on this motion the court announced: "In a hearing on this motion we will have a trial." Thereupon testimony was received from the arresting officer, the appellant and his witness. When the testimony was completed the court, after stating that the testimony of appellant's witness added nothing to the defense, denied the motion.

Appellant has brought this appeal in proper person and it is rather difficult to understand all the errors assigned. As there is in the record no transcript of testimony or statement of evidence relating to the trial itself, we cannot consider the errors claimed to have occurred at trial. We do have before us transcript of testimony at the hearing on the motion for new trial. As the granting or denial of a motion for new trial rests in the discretion of the trial court, we have before us with respect to that hearing only the question of abuse of discretion. We find none.

At oral argument before us the appellant conceded that his chief complaint was that the fine imposed was unreasonable. The fine could have been as high as $300,[2] so that the fine of $100 was well within the legal limits. "The penalty imposed, being within the limits prescribed by law, is not subject to appellate control." Gaston v. United States, D.C.Mun.App., 34 A.2d 353, 358, affirmed, 79 U.S.App.D.C. 37, 143 F. 2d 10, certiorari denied, 322 U.S. 764, 64 S.Ct. 1286, 88 L.Ed. 1591. An appellate court may interfere with a penalty within the limits prescribed by law only when it is clear that such penalty is cruel and unusual. Richards v. United States, 10 Cir., 193 F.2d 554, certiorari denied sub nom. Krupnick v. United States, 343 U.S. 930, 72 S.Ct. 764, 96 L.Ed. 1340; Dryden v. United States, 8 Cir., 139 F.2d 487. This is not such a case. In imposing sentence the court took into consideration appellant's record for traffic violations and his record was not good.

We readily appreciate appellant's feeling that the obtaining of a new trial after the first conviction was a hollow victory, since it resulted in a second conviction and a fine ten times as much as the one first imposed. This, however, was a risk he took and the second judge was not bound to impose the same fine given by the first judge.

Affirmed.

1. Traffic and Motor Vehicle Regulations for the District of Columbia, Part I, § 48.

2. Traffic and Motor Vehicle Regulations for the District of Columbia, Part I, § 158.