**Harry B. TRUSSELL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14000.**

United States Court of Appeals
Sixth Circuit.

May 19, 1960.

---

William S. Heidenberg, Louisville, Ky., Raymond F. Bossmeyer, of Heidenberg & Bossmeyer, Louisville, Ky., on brief, for appellant.

William B. Jones, Louisville, Ky., Robert D. Simmons, U. S. Atty., Louisville, Ky., on brief, for appellee.

Before SIMONS, Senior Judge, and MILLER and O'SULLIVAN, Circuit Judges.

SIMONS, Senior Judge.

The appellant and Wilbur Slade were indicted charged with conspiring with one Bridges named in the indictment as a conspirator but not charged as a defendant, to violate Section 152, Title 18 U.S. C.A., the object of the conspiracy being to conceal and transfer property of a corporation adjudicated a bankrupt. The appellant and Slade were placed on trial before a jury. During the course of the trial, the defendant, Slade, without notice to or knowledge of the appellant, withdrew his plea of "not guilty" and entered a plea of "guilty"; whereupon, the trial proceeded against the appellant alone, with the result that the jury returned a verdict of "guilty" and he was given a substantial sentence. This appeal resulted.

At the conclusion of the evidence and shortly before the jury was to retire, the following colloquy took place between a juror and the Court:

"Juror: I would like to know if the fact that Mr. Slade pleaded guilty before this trial came into action, before we heard the testimony, does that have something to do with the guilt or guiltlessness of the defendant?

"Court: That is a fact that occurred in your presence. Mr. Slade did enter that plea here, withdrew a plea of not guilty—now, the fact that he is guilty doesn't of itself indicate Mr. Trussell is guilty.

"Juror: That's what I wanted to know.

"Court: He is charged in the indictment with being a party to the conspiracy with Trussell, and he pleads guilty. Yet it is incumbent upon the Government to prove Trussell's guilty beyond any reasonable doubt. Whatever weight you give to the fact that Slade has plead guilty is a matter for you. He did do that in open court in the presence of the jury. He might be guilty of conspiring with Bridges."

If the Court, in answer to the juror's question, had contented himself with the response, that Slade had withdrawn his plea of "not guilty" and that the fact that he is guilty does not of itself indicate that Mr. Trussell is guilty, the claim of error, based upon the colloquy, would not here have been met. The Court, however, continued its response to the juror with the statement that: "Whatever weight you give to the fact that Slade has

plead guilty is a matter for you. He did do that in open court in the presence of the jury. He might be guilty of conspiring with Bridges."

■ While the act of one conspirator is admissible against others, if it is in furtherance of the criminal undertaking, all such responsibility ends when the conspiracy ends. Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196. This alleged conspiracy had ended with the return of the indictment and with it responsibility ended. The Court expressly left it to the jury to determine what weight should be given as against the appellant to Slade's plea of guilty. Slade was not a witness; was not under oath; and could not be cross-examined, and the change of plea was not in furtherance of the conspiracy. This was plain error, further compounded by the Court's statement * * * that he might be guilty of conspiring with Bridges. Trussell was not in any sense responsible for Slade's change of plea. Slade could speak only for himself, and not for Trussell. The cases in the Courts of Appeals are in accord: Babb v. United States, 5 Cir., 218 F.2d 538; United States v. Toner, 3 Cir., 173 F.2d 140; United States v. Hall, 2 Cir., 178 F.2d 853. The Toner case, supra, presents an almost identical situation as that in the present case.

■ The Government makes the additional argument that the appellant cannot now question the Court's instruction since appellant made no timely objection but the Court, in criminal cases, has the inherent power to note errors in the record which seriously affect the substantial rights of a defendant. Smith v. United States, 6 Cir., 230 F.2d 935, 939; United States v. O'Connor, 2 Cir., 237 F.2d 466; United States v. Raub, 7 Cir., 177 F.2d 312. Error having been here noted, its prejudicial character is obvious. Other issues raised may not, upon retrial, appear.

The judgment is reversed and the case remanded to the District Court for a new trial in conformity herewith.