**Merle Emery WOOD, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**Richard Beach GURNEY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

Nos. 16343, 16344.

United States Court of Appeals
Eighth Circuit.

June 27, 1960.

---

Don H. Jackson and James A. Pratt, Council Bluffs, Iowa, filed brief and made oral argument for appellants.

F. E. Van Alstine, U. S. Atty., Sioux City, Iowa, filed brief and made argument in behalf of appellee.

Before SANBORN, MATTHES and BLACKMUN, Circuit Judges.

SANBORN, Circuit Judge.

Merle Emery Wood and Richard Beach Gurney were two of nine defendants named in a twenty-three count indictment returned October 28, 1958, charging twenty-three separate violations of 18 U.S.C. § 1341, which makes it a crime to use the mails in execution of a scheme to defraud. Wood, Gurney, and one other defendant (Damm) stood trial. They were tried together, and each was found guilty by the jury, Wood upon twelve counts of the indictment, and Gurney upon eleven. The court sentenced Wood on July 1, 1959, to eighteen months imprisonment under each of the twelve counts on which he stood convicted, the sentences to run concurrently. Gurney was given a sentence of eighteen months imprisonment on each of the eleven counts on which he was found guilty, the sentences to run concurrently. Wood and Gurney have each appealed.

■ Since the validity of the indictment and the sufficiency of the evidence to sustain the convictions are not challenged by these appeals, it is unnecessary to detail the charges contained in the indictment or the facts which the Government's evidence tended to prove. If Wood and Gurney were properly convicted upon any single count of the indictment, the judgments appealed from must be affirmed, since the sentence imposed on each of these defendants upon all counts is less than the maximum sentence which might have been imposed under any one count. See: Gantz v. United States, 8 Cir., 127 F.2d 498, 501; Bowen v. United States, 8 Cir., 153 F.2d 747, 748–749 and cases cited; Myres v. United States, 8 Cir., 174 F.2d 329, 332.

■ As is usual in cases such as this, the indictment described the alleged scheme to defraud in the first count of the indictment. The scheme was, by reference to Count I, realleged in the other counts. Each count charged a different use of the mails in execution or attempted execution of the scheme, and

each count is to be regarded as a separate indictment. Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356.

For the purposes of this opinion, it is sufficient to say that the scheme was known as Midwest Business Service, was originated by Clarence Martin Brown at Carroll, Iowa, in 1955, and was thereafter operated by him and Albert Ellsworth Chapman; that it was used as a means of obtaining money from the owners of business establishments throughout the upper Midwest, whose businesses were for sale, by inducing them, through misrepresentations, false pretenses and promises made by salesmen employed by Brown and Chapman, to engage Midwest Business Service to obtain buyers for their respective businesses. In execution of this scheme, the mails were extensively used. The names of the victims of the scheme were procured through the mails. The scheme was characterized— as such schemes usually are—by high-pressure salesmanship, false and reckless representations, unfulfilled promises, and the payment of exorbitant commissions to the salesmen. What a salesman collected from a victim was divided about equally between the salesman and the management.

Pleas of not guilty were first entered by each of the defendants named in the indictment. The case was set for trial at Sioux City, Iowa, commencing on May 18, 1959. On May 16, two of the defendants—a manager, Brown; and Nair, a salesman—withdrew their pleas of not guilty and entered pleas of guilty. On May 18, before the jury was drawn, Chapman, one of the defendants, on a showing that he was ill and in a hospital at Omaha, was granted a continuance. That left six defendants to stand trial on May 18. Before the jury was selected, the court made the following statement to counsel, out of the presence of the jury panel:

"Now, counsel are informed that two of the defendants, Clarence Martin Brown and Merlin Woodrow Nair entered pleas of guilty here, Saturday, and the record as to their arraignment is a part of the files here, and at the start of the case, because the jury has the right to know where the other defendants are, and the Court will follow the procedure outlined in Davenport versus United States, found in [9 Cir.] 260 Federal 2nd, 591, 596, and I will inform the jury that their pleas of guilty have been entered, but it is not to be considered as evidence as against the remaining defendants, or to give rise that a crime has been committed. The jury has a lot of common sense, and they are entitled to know where they are."

No objection was voiced to this proposed procedure. No other procedure was suggested in that regard. After the jury panel returned to the courtroom, the court explained the nature of the case, gave the names of all the defendants, stated that the defendant Chapman was ill and not on trial, and said:

"There are two other defendants to which I wish to make a statement: The defendants Merlin Woodrow Nair and Clarence Martin Brown, on Saturday, entered pleas of guilty to Count I of the Indictment; the fact that such pleas were entered does not mean the defendants here on trial are guilty with them. Those pleas are not evidence that the defendants here on trial are guilty or that the crime charged in the Indictment was committed.

"Those pleas do not give rise to any—to any inference as to the guilt of the defendants here on trial. The guilt or innocence of the defendants here on trial must be determined by you solely by the evidence introduced at the trial of this case. So that you may know, there are nine defendants, but there are six going on trial at the present time."

No objection or exception was taken to that statement.

The eighteenth of May was spent in obtaining a jury, and the actual trial

commenced at 9:30 a. m. on May 19. At that time, the indictment was read in full to the jury by counsel for the Government, and the jury was advised that, to each of the twenty-three counts, each defendant on trial had entered a plea of not guilty. One of Government counsel then made his opening statement. The court gave defendants' counsel the option of making opening statements to the jury then or after the Government had rested. Counsel for the defendant Neudeck made an opening statement on his behalf. Counsel for the defendant Barham did likewise for him. The gist of their statements was that their clients were simple salesmen obeying in good faith and with honest intent the orders of their employers, who were solely responsible for the conduct of the enterprise, the fulfillment of promises, and the making good of representations. The defendants Wood, Gurney and Damm expressly reserved the right to make an opening statement at the close of the Government's evidence.

After the noon recess on May 19, 1959, at the request of the defendants Neudeck, Barham and Kawell, and in the absence of the jury but in the presence of all counsel, these three defendants withdrew their pleas of not guilty, and entered pleas of guilty to Count I. The court, after satisfying itself that the pleas were voluntarily and advisedly entered, accepted the pleas, and, on motion of the Government, dismissed the other counts of the indictment as to these three defendants, and thereby permitted them to withdraw from the trial. Speaking to Mr. Jackson, counsel for Wood, Gurney and Damm, the court advised him that, upon the return of the jury, the court would have to make a statement as to what had occurred. Mr. Jackson asked for a short continuance of the trial by reason of the sudden change of pleas, the withdrawal of the three defendants—Neudeck, Barham and Kawell—and the possibility that local counsel might have to be called in. The court then announced that a recess would be taken until ten o'clock on May 20. Mr. Jackson said he would like to reserve the right to make a motion in the morning. He was granted leave. The jury was returned into court at about 2:10 p. m. (May 19), at which time the court made the following statement:

"The Court: Ladies and gentlemen of the jury: The reason for the delay was that during this time the defendant, Raymond V. Kawell, Robert Raymond Neudeck, and Kingsley Robert Barham, entered pleas of guilty to Count I of the indictment.

"I want to tell you again the fact that such pleas were entered does not mean that the remaining three defendants on trial, namely; Richard Beach Gurney, Leo Henry Damm, and Merle Emery Wood, are guilty with them. The pleas are not evidence to the defendants remaining on trial that they are guilty, or the crime charged in the indictment was committed.

"These pleas do not give rise to any inference as to the guilt of the remaining defendants here on trial. The guilt or innocence of the defendants still on trial must be determined solely by you, solely by the evidence introduced in the trial of this case.

"Now, because of the developments in this case, it is felt that the remaining defendants should be given time to be able to organize their defense, and because the other attorneys who were in the case, and the other defendants have asked some time, and I am granting their request, that we have a recess until 10:00 o'clock tomorrow morning, at which time they will go ahead, in which Mr. Jackson and Mr. Heithoff, and the defendants, Mr. Damm, Mr. Wood, and Mr. Gurney, will be the remaining defendants, so you are now excused until 10:00 o'clock tomorrow morning.

"All right then, we will plan on going ahead tomorrow morning. Court will stand at recess."

On the morning of May 20, counsel for the remaining defendants—Wood, Gur-

ney and Damm—filed a motion for a mistrial on the ground that the pleas of guilty entered by Neudeck and Barham after the opening statements made by their counsel, created a situation which would prevent the remaining defendants on trial from receiving a fair trial, and that, in the interest of justice, a mistrial should be declared. The motion was argued, and denied. It was then moved on behalf of the remaining defendants on trial, that all counts of the indictment except Count I be dismissed, and that they be tried only on that count, since other defendants had been permitted to plead guilty to that count alone. The court denied the motion.

The remarkable thing about this case is that counsel for the defendants can find so little to complain about. Cf. Cochran v. United States, 8 Cir., 41 F.2d 193; Goldstein v. United States, 8 Cir., 63 F. 2d 609; and Holmes v. United States, 8 Cir., 134 F.2d 125. This is, no doubt, due to the fact that the trial judge was meticulously careful to keep error out of the record, and was scrupulously fair to all the defendants. This Court would, we think, be justified in disposing of the case by saying that we find no merit in any of the appellants' claims of error.

We think the trial court did what it should have done, when it advised the jury panel that the defendants Brown and Nair had entered pleas of guilty to Count I of the indictment, and as to the effect of the pleas upon other defendants. We also approve the statement of the court to the jury with respect to the entry of pleas of guilty by Kawell, Neudeck and Barham to Count I during the trial. See, in this connection: Davenport v. United States, 9 Cir., 260 F.2d 591, 596; Holmes v. United States, 8 Cir., 134 F.2d 125, 129–130; Kelling v. United States, 8 Cir., 121 F.2d 428, 429. The court did not err in denying the motion for a mistrial based on the fact that the pleas of guilty to Count I by three of the defendants were entered after the trial commenced; nor did it err in not again referring to these guilty pleas, or

their effect, in its final instructions to the jury.

The rulings on evidence of which the defendants complain are, in our opinion, not subject to criticism, and need not be discussed.

The court's instructions were not only adequate and accurate, but exhaustive. The defendants' requested instructions properly were denied.

The defendants had a trial that was more than fair. Their rights were fully protected by the court. They were shown great consideration both during and after the trial.

The judgments appealed from are affirmed.