**Larry JIRON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6937.**

United States Court of Appeals Tenth Circuit.

July 6, 1962.

---

4. 122 F.2d at 788.

Verl C. Ritchie, Salt Lake City, Utah, for appellant.

Gerald R. Miller, Asst. U. S. Atty. (William T. Thurman, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found appellant Jiron guilty of the interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312 and the trial court sentenced him to 5 years imprisonment. In this appeal he argues that the court erroneously received testimony of pleas of guilty by co-defendants to the same charge and erroneously instructed the jury in regard thereto.

In July, 1961, a Chevrolet automobile was stolen in Salt Lake City, Utah. A police officer pursued and stopped the car in northern Arizona. While he was interrogating the occupants, the driver started the car and drove off. The car was shortly thereafter found abandoned. The next day Louis Garcia, Wally Torres, Jonnie Garcia and the appellant were apprehended while walking along a highway near Kayenta, Arizona. An information was filed against all four. The two Garcias and Torres pleaded guilty. At his trial, Jiron testified in his own defense and admitted traveling in the car from Utah to Arizona but denied knowledge that the car was stolen.

The three co-defendants were present at the trial and were identified by prosecution witnesses without objection. Each was called to the stand and upon direct examination said that he had pleaded guilty. Two so testified without objec-

tion. As to the third, a motion to strike the answer was made on the ground that an accomplice was not qualified to testify and the objection was overruled. The three co-defendants answered several questions relating to the offense but each refused to make any statement connecting the appellant Jiron therewith. The basis of such refusal was the claim of self-incrimination.

The court instructed the jury that:
" * * * it's immaterial that these three other boys have entered pleas of guilty and that as far as the record shows they will bear the full responsibility."

The court also instructed on accomplice testimony. The only objection to the instructions referred to a matter which is not urged on appeal and which is patently without merit.

The rule in the federal courts is that it is not error, if proper cautionary instructions are given, for the jury to be informed during the trial that one or more defendants have pleaded guilty.[1] This is not a case like Kirby v. United States, 174 U.S. 47, 54, 19 S.Ct. 574, 43 L.Ed. 890, where a guilty plea of another defendant was used as evidence against the defendant on trial or like Babb v. United States, 5 Cir., 218 F.2d 538, 541–542, where the court refused a proper cautionary charge. The decisions in United States v. Toner, 3 Cir., 173 F.2d 140, 142 and Trussell v. United States, 6 Cir., 278 F.2d 478, 480, do not apply because in each of them the trial court permitted the jury to take into consideration the fact of a guilty plea by a co-defendant and co-conspirator.

In Richards v. United States, 10 Cir., 193 F.2d 554, 556, certiorari denied sub nom. Krupnick v. United States, 343 U. S. 930, 72 S.Ct. 764, 96 L.Ed. 1340, we affirmed in a case where the jury was informed of a plea of guilty by a co-

1. United States v. Crosby, 2 Cir., 294 F. 2d 928, 948, certiorari denied sub nom. Meredith v. United States, 368 U.S. 984, 82 S.Ct. 599, 7 L.Ed.2d 523; Wood v. United States, 8 Cir., 279 F.2d 359, 362–

363; Davenport v. United States, 9 Cir., 260 F.2d 591, 595–596, certiorari denied 359 U.S. 909, 79 S.Ct. 585, 3. L.Ed. 573.

defendant and no cautionary instruction was requested. In the case at bar there was no request and no objection to the cautionary instructions given.

Affirmed.