**Sondra Thersa FOSTER, Appellant,**

v.

**UNITED STATES and District of Columbia, Appellees.**

No. 5927.

District of Columbia Court of Appeals.

Argued Nov. 17, 1971.

Decided April 21, 1972.

Thomas Canafax, Jr., Washington, D. C., appointed by this court, for appellant.

Guy H. Cunningham, III, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty. at the time the brief was filed, John A. Terry and Kevin W. Carmody, Asst. U. S. Attys., were on the brief, for appellee United States.

Earl A. Gershenow, Asst. Corporation Counsel, with whom C. Francis Murphy, Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee District of Columbia.

Before KELLY, KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This appeal, insofar as it involves the United States, is from a conviction of simple assault.[1] The District of Columbia conviction is for disorderly conduct[2] in that appellant did

> "under circumstances such that a breach of the peace might be occasioned thereby act in a manner as to annoy, disturb, interfere with, obstruct and be offensive to others by cursing and swearing in the presence of women and children approximately 100 persons [in number]".

The two charges were tried jointly under D.C.Code 1967, § 23–101(e) (Supp. IV, 1971), since they arose from the "same act or transaction" within the meaning of Su-

---

1. D.C.Code 1967, § 22–504.

2. D.C.Code 1967, § 22–1121(1).

perior Court Criminal Rule 13. Consecutive sentences of six months for the assault and ninety days for the disorderly conduct were imposed. We affirm both convictions in the face of unpreserved assertions respecting sufficiency of evidence as to each charge, the constitutionality of this particular subsection of the disorderly conduct statute (D.C.Code 1967, § 22-1121(1)), and a contention that we may review and reduce the assertedly excessive sentence.

According to the single prosecution witness (a store detective), he had just arrested a woman for shoplifting[3] when appellant, in aid of the woman, approached her saying, "You don't have to go to jail." She then struck and pushed the detective from the rear—"[c]ursing and swearing and—saying something like—[M.F'ing] pigs, or something like that." As a crowd began to gather, appellant was arrested by the detective's companion and while the two were being escorted to the store security office appellant loudly proclaimed, "I am going to kill that [M.F.] with the pink shirt on."[4]

■ On the question respecting sufficiency of the evidence, we are unpersuaded, after reviewing the record, that appellant should be freed from the disability flowing from failure to seek a judgment of acquittal during trial. Richardson v. United States, D.C.App., 276 A.2d 237 (1971). Accordingly, it is appropriate that the judgment of conviction should withstand this belated attack. Moreover, it is ob-

vious that no miscarriage of justice has resulted in this regard.

■ As to the constitutional attack on the face of the disorderly conduct statute, it is appropriate to again note that no such issue was raised in the trial court. That being so, we are free to refuse review on the point. See Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Keyes v. Madsen, 86 U.S.App.D.C. 24, 179 F.2d 40 (1949), cert. denied, 339 U.S. 928, 70 S.Ct. 628, 94 L.Ed. 1349 (1950). However, were we to permit appellant to be heard on the point, we would be bound by the decision of this court in Rodgers v. United States, D.C.App., 290 A.2d 395 (decided this date).[5] That case holds this same portion of section 22-1121 to be constitutional.

On appellant's assertion that we may review and reduce a sentence if we view it to be excessive, we must disagree. We have permitted the record to be supplemented by the sentencing transcript. Appellant, however, points to no error respecting sentencing which we may reach. Our examination likewise reveals none.

We have also denied appellant's request to have the presentence report included in the record. In so doing, we reject any notion that our review of the sentence and its underlying basis, found only in part in the presentence report, would be a sound exercise of appellate authority. Pretermitting the serious question of a lack of legislative authority to do so,[6] and the practical con-

3. This woman was tried and convicted with appellant on a separate charge of petit larceny. She did not appeal.

4. Appellant was acquitted of a threats charge under D.C.Code 1967, § 22-507. We do not view this ruling as reflecting on the credibility of the prosecution witness since it was based on "insufficient evidence", and the trial judge expressly stated that he "accepted the credibility of the [witness]".

5. The binding effect of this decision on other divisions of the court has been re-

cently described in M.A.P. v. Ryan, D.C.App., 285 A.2d 310 (1971).

6. The American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Appellate Review of Sentences, Introduction at 3-4 (Approved Draft, 1968), accepts the notion that the question of appellate review of sentences is, in the first instance, a matter for legislation. See Smith v. United States, 273 F.2d 462, 468-469 (10th Cir., 1959), which rejected the contention that 28 U.S.C. § 2106 empowered federal appellate courts

sequences of further burdening trial and appellate courts with procedures aimed at such review,[7] we observe that such an appellate undertaking is antithetical to the touchstone of our sentencing process—i. e., maximum personal contact with the defendant. Throughout our well-established sentencing procedures, substantially unchallenged to date, is the notion that firsthand knowledge by personal observations and communication with the defendant are essential ingredients. Indeed, from the presentence report (including psychiatric and other examinations) through the actual sentencing hearing, to subsequent parole determinations, the essential theme is avoidance of detached, vicarious judgment on the question of punishment. Were we to embark on a course of reviewing the severity of sentences, the system of criminal justice and society would suffer loss of this vital concomitant and gain no real advance in our quest to improve the administration of criminal justice. On a cold record and treating only questions of law as we must by whatever standard of review we might devise, we could hardly contribute to the solemn undertaking of deciding what is appropriate punishment from the standpoint of the individual and the community. As was said in Leach v. United States, 115 U.S.App.D.C. 351, 353, 320 F.2d 670, 672 (1963):

> "In the act of sentencing, the judge approaches the attribute of the Almighty —he sits in judgment of his fellow man. . . ."

To sit in judgment of a man while looking him in the eye and knowing him in some way first hand is one thing, but to do so only by way of the dispassionate and re-

---

to review the severity of a sentence otherwise lawfully imposed. We note that D.C. Code 1967, § 17–306 (Supp. IV, 1971), confers authority on this court in identical terms to section 2106. See also Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). Contra, United States v. McKinney, 427 F.2d 449, 455 (6th Cir., 1970).

The United States Court of Appeals for the District of Columbia Circuit appears to have adopted the view that a statutorily permissible sentence will not ordinarily be reviewed on appeal. Leach v. United States, 122 U.S.App.D.C. 280, 281, 353 F.2d 451, 452 (1965). By what criterion and under what standard a court would determine to undertake this review we are unable to ascertain with requisite, workable specificity. It has been held, however, that even if it appears that the prosecution and sentence are an "unfair and inequitable enforcement of the law", the sentence will stand. Gaston v. United States, 79 U.S.App.D.C. 37, 38, 143 F.2d 10, 11 (1944), aff'g Gaston v. United States, D.C.Mun.App., 34 A.2d 353, 357–358 (1943), where this court held that sentencing is

> "wholly within the discretion of the trial judge who, in determining the sentence, has available to him matters not usually incorporated in the record on appeal. The penalty imposed, being within the limits prescribed by law, is not subject to appellate control." [Emphasis supplied.]

More recently that court seems to have revised its approach on review of otherwise lawful sentencing discretion in United States v. Freeman, U.S.App.D.C. (No. 71–1083, decided March 21, 1972, slip op. at 3–4). But see Nilva v. United States, 352 U.S. 385, 396, 77 S.Ct. 431, 1 L.Ed.2d 415 (1957); and Yates v. United States, 355 U.S. 66, 75–76, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957), as examples where the shifting of the legal sand while on review called for resentencing. Cf. Sec. & Exch. Com. v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L. Ed. 626 (1943). See also United States v. Wiley, 278 F.2d 500, 503–504 (7th Cir. 1960), where a convincing demonstration of arbitrariness produced an exercise of supervisory control in aid of appellate jurisdiction and a remand for resentencing.

7. See ABA Standards, Appellate Review of Sentences, supra note 6, at 5–6, which states the problem in terms of inundating the appellate courts with frivolous appeals. It is more accurate to observe, however, that appellate courts would be flooded with appeals seeking reduction of sentence in which the accused might also raise frivolous legal issues attacking the judgment and not the sentence. See Callanan v. United States, 274 F.2d 601 (8th Cir. 1960), affd, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961); Funkhouser v. United States, 260 F.2d 86 (4th Cir. 1958), cert. denied, 358 U.S. 940, 79 S.Ct. 346, 3 L.Ed.2d 348 (1959).

mote confines of an appellate record, no matter how elaborately composed, is quite another.

■ The judgment that this court should not enter the area of reviewing the excessiveness of sentences is one not easily arrived at. Indeed, reasonable men may and do differ on the subject.[8] However, absent legislative direction that we must undertake such a task, and firm guidance as to applicable standards for such review, we hold we may not do so. *See* Stovall v. United States, D.C.App., 202 A.2d 390 (1964); Bohannon v. District of Columbia, D.C.Mun.App., 99 A.2d 647 (1953); Gaston v. United States, D.C.Mun.App., 34 A. 2d 353 (1943), aff'd, 79 U.S.App.D.C. 37, 143 F.2d 10 (1944). Our intervention would not eliminate present shortcomings in sentencing such as inconsistency and apparent severity or leniency. Indeed, as remote as the appellate process is, such action on our part would compound these imperfections as well as further delay the desperately needed day of reckoning for the convicted and society.

The judgments of conviction are

Affirmed.

8. *See* notes 6 & 7, *supra.*