**Michelle SIMMONS, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 82–497.**

District of Columbia Court of Appeals.

Submitted March 16, 1983.

Decided May 16, 1983.

▮

Charles J. Baron, Washington, D.C., on brief, for appellant.

Stanley S. Harris, U.S. Atty., with whom Michael W. Farrell, and Barry M. Tapp, Asst. U.S. Attys., Washington, D.C., on brief, for appellee.

Before NEBEKER and MACK, Associate Judges and REILLY, Chief Judge, Retired.

PER CURIAM:

After a bench trial, appellant was convicted of soliciting for the purposes of prostitution in violation of D.C.Code § 22–2701 (1981). Appellant was sentenced to ninety days imprisonment, the maximum sentence, execution of which was suspended in favor of three years' probation.[1] On appeal appellant claims that the trial court abused its discretion in imposing a three year probationary term.[2] We affirm.

Under D.C.Code § 22–2703 (1981), the court is authorized to "impose conditions upon any person found guilty under § 22–2701, and . . . the imposition or execution of sentence may be suspended for such period as the court may direct." Similarly, under D.C.Code § 16–710 (1981), the court is authorized to suspend the imposition or execution of sentence "for such time and upon such terms as it deems best, if it appears to the satisfaction of the court that the ends of justice and the best interest of the public and of the defendant would be served thereby."[3] Under either statute, the decision to grant or deny probation, as well as the term of probation ordered, is within the broad sentencing discretion of the trial court. *See Sanker v. United States*, 374 A.2d 304, 310 (D.C.1977). Thus, we need only decide whether the term of probation was legally permissible, since we will not question its severity. *See Jones v. United States*, 401 A.2d 473, 476–77 (D.C. 1979) (no statute in this jurisdiction authorizes appellate review of a trial court's sentencing decision); *Foster v. United States*, 290 A.2d 176, 179 (D.C.1972).

Wholly aside from our limited powers of review, we note that the trial court's exercise of discretion here was anything but

---

1. One year supervised and two years unsupervised.

2. We reject appellant's challenge to the sufficiency of the evidence since it is merely an impermissible attempt to reargue credibility. The testimony of Officer Smith constituted sufficient evidence that appellant solicited a sexual act for money.

3. Of course the imposition of sentence must precede the trial court's grant of probation. *Schwasta v. United States*, 392 A.2d 1071 (D.C. 1978).

faulty. After finding appellant guilty the judge noted his concern that probation was not benefitting appellant; yet, he did not order her incarcerated pending sentencing. At sentencing, the trial judge knew that appellant had been convicted for the same offense on at least three prior occasions, and had, on the last occasion, received a nine-month probation term. He also knew that appellant was supporting children and had allegedly secured a job which was to begin within the month. The trial judge imposed the maximum sentence (ninety days), then suspended that sentence and ordered a three-year term of probation. In exercising his broad sentencing discretion, the trial court balanced appellant's recidivism against her prospects for rehabilitation and ordered three years' probation. Therefore, he considered "the ends of justice and the best interest of the public and of the defendant" in imposing the three-year probation term. Since the statute provides no other limitation on the trial court's discretion, we cannot say that the sentence imposed was outside legally permissible bounds. Therefore, we are without jurisdiction to further review appellant's claims.

*Affirmed.*