## COMMONWEALTH *vs.* JAMES F. ELISHA.

The record of the conviction of a thief, on his plea of guilty to an indictment against him alone for stealing certain property, is not admissible in evidence to prove the theft, on the trial of a receiver of that property, upon an indictment against him alone, which does not aver that the thief has been convicted.

INDICTMENT for receiving stolen goods, knowing them to have been stolen. Trial in the municipal court before *Mellen*, C. J., to whose ruling the defendant excepted. The only point raised by the exceptions is stated in the opinion.

*G. W. Searle*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

METCALF, J. This indictment is against the defendant alone, and charges him with having received property stolen by Joseph Elisha and William Gigger, knowing it to have been stolen. It is not averred, nor was it necessary to aver or prove, (Rev. Sts. c. 126, § 24,) that they had been convicted of the theft. But it

was necessary to prove their guilt, in order to convict the defendant. Was the record of their conviction on another indictment against them only, upon their several pleas of guilty to a charge of stealing the property, legal evidence, against the defendant, that they did steal it? We think not, either on principle or authority, That conviction was *res inter alios.* The defendant was not a party to the proceedings, and had no opportunity nor right to be heard on the trial. And it is an elementary principle of justice, that one man shall not be affected by another's act or admission, to which he is a stranger. That conviction being also on the confession of the parties, the adjudged cases show that it is not evidence against the defendant. *Rex* v. *Turner.* 1 Mood. C. C. 347, and 1 Lewin's C. C. 119. 1 Greenl. Ev § 233. Rosc. Crim. Ev. (2d ed.) 50. *The State* v. *Newport* 4 Harring. (Del.) 567.

We express no opinion concerning a case differing, in any particular, from this, but confine ourselves to the exact question presented by these exceptions. Our decision is this, and no more: The record of the conviction of a thief, on his plea of guilty to an indictment against him alone for stealing certain property, is not admissible in evidence to prove the theft, on the trial of the receiver of that property, upon an indictment against him alone, which does not aver that the thief has been convicted. *New trial granted.*