**Frank Sepulveda CASADOS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19236.**

United States Court of Appeals
Fifth Circuit.

March 30, 1962.

---

846

Daniel Y. Garbern, El Paso, Tex., for appellant.

Emile Morgan, U. S. Atty., William O. Murray, Jr., Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before RIVES, BROWN and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

Frank Sepulveda Casados appeals from his conviction for violating the federal marihuana statutes. He contends that his trial was prejudiced by the prosecuting attorney's reference to his prior conviction, by the trial judge's failure to grant his motions for a continuance, and by the fact that a co-defendant was allowed to change his plea from not guilty to guilty in the presence of the jury. We hold that these objections are without merit and affirm the conviction.

Casados and two others were charged in a three-count indictment with smuggling marihuana into the United States, concealing and transporting it after importation, and failing to pay the federal transfer tax on the marihuana, in violation of 21 U.S.C.A. § 176a and 26 U.S.C.A. § 4744(a) (1). Before trial the charges against one of the defendants, Nico Mary Carranco, were dropped. The prosecution was continued against Casados and the third defendant, Arnold R. Jones. Both Casados and Jones had court-appointed counsel. When the counsel were appointed Casados asked to be freed from jail where he was being held in custody, stating that he had been released on bond in Colorado. The prosecuting attorney then explained to the district judge that Casados "was in custody in Colorado, he is serving a sentence up there, and we have filed a writ in order to get him out for this case, but he is in the custody of the Marshal by a writ." The district judge denied the appellant's request to be released from custody. The appellant asserts that this exchange occurred in the presence of the jury. The record, however, does not indicate whether the jury was present at that time, and the Government argues that the jury did not hear this reference to the Colorado sentence.

The day before the trial the defendant personally filed two motions for a continuance of the trial. The ground for the first was that Nico Mary Carranco, the defendant against whom the charges had been dropped, was not then available to testify but was a material witness whose testimony would be favorable to the defendant. The second motion requested time to apply under the discovery procedures of the Jencks Act, 18 U.S.C.A. §

3500, for statements in the possession of the prosecution made by Government witnesses. The district judge denied both motions.

After the jury was empaneled, the co-defendant, Arnold Jones, was asked how he pleaded to the third count, the alleged failure to pay federal transfer taxes on the marihuana. Jones first answered not guilty. The judge commented that his name had not been called on the first two counts. Jones then declared that he would plead guilty to the tax count. He received a six-year sentence under the third count, and the prosecution was dropped as to the first two counts. In his closing argument to the jury, the prosecutor said that the Government had not pressed the charges against Jones because of a doubt that he was guilty under counts one and two, that the United States Attorney believed Casados was the one who had smuggled the marihuana into the country.

The jury found Casados guilty on all three counts, and he was sentenced to twenty years imprisonment. Just before sentencing him, the judge asked Casados whether he had any comment to make. He answered that he would like to appeal but had no funds and wished to appeal in forma pauperis. The judge replied that it was a matter between Casados and his lawyer. Shortly afterwards, the judge dismissed the lawyer from his duties as counsel for Casados. After returning to the Colorado state prison, Casados filed a motion with the district court for leave to file an appeal in forma pauperis. The district court denied this motion. This Court denied a similar motion. Trying again, Casados sent a letter to this Court which we treated as an appeal from the denial of a motion to vacate sentence under 28 U.S.C.A. § 2255 and from the denial of the motion to appeal in forma pauperis. We granted leave to appeal in forma pauperis and appointed counsel for the appellant.

This case's tangled history creates some uncertainty as to its posture on this appeal and as to the measure of review that is applicable. Examination of the record convinces us, however, that there is no merit in the appellant's contentions. In the interests of justice, we have treated the case as though it were on direct appeal and have tested the points Casados raises under the full scope of appellate review.

■ (1) There was no prejudicial error in the reference to Casados's prior sentence when his counsel was appointed, even assuming, in the defendant's favor, that the jury was present at that time. Casados's request to be released from the Marshal's custody raised a serious question as to the conditions of his release from the Colorado state prison. Casados had falsely stated that he had been released from custody in Colorado and had posted bond in the instant case. It was proper therefore for the prosecuting attorney to explain that Casados had been released under a writ of habeas corpus to the custody of the Marshal. In making this explanation it was impossible to avoid referring to the fact that Casados was serving a sentence in Colorado. If Casados was hurt, it was self-inflicted hurt. The record indicates that the prosecutor made this reference without any undue elaboration or emphasis. Moreover, during the trial Casados took the stand himself and on cross-examination testified at length and without objection about the conviction in Colorado and several other convictions. The trial judge adequately instructed the jury to consider the testimony of the prior convictions only as bearing on the defendant's credibility and not as bearing on his actual guilt or innocence.

■■ (2) There is an equally clear lack of merit in the appellant's contentions that the trial judge erred in refusing to grant his motions for a continuance. No prejudice resulted to the appellant from the alleged unavailability of the witness Nico Mary Carranco since, as the record shows, this witness was present when the trial was held and gave testimony. There was also no harm in denying Casados time to obtain the statements of Government witnesses under the discovery procedures of the Jencks

Act. The appellant misread the statute. The Jencks Act expressly provides: "In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) to an agent of the Government shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C.A. § 3500(a). See Comment on the Jencks Act, 73 Harv.L.Rev. 179–86 (1959). This provision defeats the appellant's assertion of a right to discovery before the trial. The appellant seems to recognize the weakness of these claims; in his brief he relies less on the merits of his motions for a continuance than on the allegedly arbitrary manner in which the judge denied them, which, he says, reflects the prejudiced atmosphere that attended his trial. Considering the merits of the motions and their relative insignificance in the trial, however, we cannot agree that the manner of their dismissal indicates any significant prejudice against the defendant.

■ (3) The point concerning the plea of guilty by the co-defendant Jones in the presence of the jury raises a substantial issue. The prosecution's cases against Jones and Casados were intertwined, creating a danger that the jury might draw an inference of Casados's guilt from Jones's guilty plea. Numerous cases have held however that the revelation of a plea of guilty by a co-defendant is a natural incident of a trial that does not constitute harmful error. Ray v. United States, 8 Cir., 1940, 114 F.2d 508, cert. den'd. 311 U.S. 709, 61 S.Ct. 318, 85 L.Ed. 461; United States v. Falcone, 1940, 2 Cir., 109 F.2d 579, 582; Grunberg v. United States, 1 Cir., 1906, 145 F. 81. When the court has granted a new trial on the basis of the co-defendant's plea of guilty there have been aggravating circumstances. In Gaynor v. United States, 1957, 101 U.S. App.D.C. 177, 247 F.2d 583 the co-defendant, in pleading guilty, directly indicated that the other defendants were guilty also. In Payton v. United States, 1955, 96 U.S.App.D.C. 1, 222 F.2d 794 and United States v. Toner, 3 Cir., 1949, 173 F.2d 140 the trial judge himself emphasized the plea of guilty by a co-defendant, thereby greatly increasing the likelihood that the jury would take the plea as an indication that the defendant on trial was guilty as well. The reference to Jones's plea of guilty by the prosecutor in his closing argument is not a serious aggravating circumstance. First, the thrust of the prosecutor's argument emphasizes the counts on which Jones was not prosecuted, rather than the count to which he pleaded guilty. Second, there is a large difference to the jury between comment by the prosecuting attorney and comment by the trial judge, since jurors inevitably regard one as a competitor and the other as a referee. Finally, an additional factor removes any doubt. That is the failure of Casados to make any objection during the trial, when Jones made his plea of guilty or when the prosecutor commented upon it or when the trial judge instructed the jury. It is basic that the failure to make timely objection to alleged trial errors imposes on an appellant a far heavier burden of persuasion, especially when, as here, any error that might exist could have been cured by remedial instructions from the trial judge. As this Court declared in Benson v. United States, 5 Cir., 1940, 112 F.2d 422, 423: "It is the rule in federal courts that alleged trial errors should be specifically called to the attention of the trial judge so that he might have opportunity to rectify the mistake if he has made one. In the absence of objection and exception appellate courts will ordinarily not review such alleged errors. Appellate courts, however, under exceptional circumstances, especially in criminal cases where the life or liberty of a defendant is at stake, 'may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of

judicial proceedings.' United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555." See also Rule 30, F.R.Cr.P., 18 U.S.C.A.; Tomley v. United States, 5 Cir., 1950, 250 F.2d 549. The failure to object was relied on by the Courts in the Ray and Falcone decisions, supra. Since there has been no showing that injustice would result from our failure to take notice of the alleged error on our own motion, we conclude that the appeal on this point must fail.

The appellant has failed to show any form of prejudicial error in the conduct of the trial by which he was convicted. The judgment of conviction is

Affirmed.