Commonwealth *v.* Brant.

COMMONWEALTH *vs.* DONALD R. BRANT.

Hampden.   May 6, 1963. — June 4, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Practice, Criminal,* Continuance, Judicial discretion, Trial of defendants together.   *Larceny.   Jury and Jurors.*

In the circumstances, where, upon arraignment of the defendant in a criminal case some eight months after his indictment while imprisoned in another State, the judge set the case for trial a few days later and the defendant's counsel of record thereupon withdrew and new counsel appeared, there was no abuse of discretion in denial of a motion by the new counsel for a two weeks' postponement of trial in order to enable him to prepare the defence.   [203–204]

Evidence in a criminal case, that after a woman accompanying the defendant had tried on a mink stole in a fur shop and the proprietor had gone to a back room in response to their request to see other merchandise, the proprietor returned to find them gone and the stole missing, and that upon immediate pursuit the defendant was seen to remove the stole from under his coat and throw it on the ground, warranted the defendant's conviction of larceny of the stole.   [204–205]

There was no error in a criminal case in that a few days before trial some prospective jurors, who were excused from service on that case, learned of a criminal record of the defendant through a court room colloquy.   [205]

No abuse of discretion appeared in an order for trial of the defendant in an indictment jointly with a codefendant.   [205]

INDICTMENT found and returned on January 29, 1962.

In the Superior Court a motion for postponement of trial was denied by *Meagher, J.,* and the case was tried before him.

*Thomas J. O'Connor,* for the defendant, submitted a brief.

*Matthew J. Ryan, Jr.,* District Attorney, for the Commonwealth.

Commonwealth *v.* Brant.

REARDON, J. The defendant was tried by a jury and convicted of stealing a mink stole valued at $400. He is here on appeal under G. L. c. 278, §§ 33A–33G, alleging error, inter alia, in the denial of his motion to postpone trial and in a portion of the judge's charge.

1. The record, including the transcript of testimony, is before us and discloses the following: The defendant was apprehended on September 18, 1961, for the theft which occurred in Springfield on the same day. Prior to his arraignment he was imprisoned in Rhode Island on October 5, 1961. Under date of July 12, 1962, an attorney in Providence, Rhode Island, wrote a letter to the district attorney of Hampden County indicating that he was the local attorney for the defendant and that the defendant had Massachusetts counsel also. He further stated that he expected to be present at the trial of the defendant, and with the permission of the court, would act as the defendant's cocounsel. The defendant was returned to the Hampden County Superior Court on September 19, 1962, and was arraigned the following day. At that time his attorney of record from Boston, who was not the attorney referred to in the letter previously mentioned, was out of the State on business. Therefore, at the arraignment, where he pleaded not guilty, he was represented by an associate of his Boston attorney who had heard about the case for the first time the prior night. The defendant sought an opportunity to confer with his attorney of record prior to trial but the judge set the case for hearing for Monday, September 24, 1962, remarking that counsel "has got to make up his mind by Monday which business is most important to him" and suggesting that the defendant might retain a Springfield attorney. On the day scheduled for trial, the defendant's attorney from Boston withdrew and thereupon an appearance was filed in behalf of the defendant by a Springfield attorney, who had first consulted the defendant on September 22, 1962. Trial commenced on the morning of September 25, 1962, in the face of a motion by new counsel for a two weeks' postponement in order to provide time for him to

interview witnesses, file a motion for a bill of particulars, and generally prepare a defence. The motion for postponement was denied. During the trial the defence cross-examined none of the witnesses on the ground that counsel was not prepared to do so in any meaningful or effective manner. The defendant did not call any witnesses, complaining at one point that there was one witness in Rhode Island who was unavailable to him because of lack of time in which to find and interview him.

Persons accused of crime have the right to counsel and also the right that counsel may have a reasonable time in which to prepare a defence. *Lindsey* v. *Commonwealth,* 331 Mass. 1, 2, 5. *Jones* v. *Commonwealth,* 331 Mass. 169, 171. Where, as in this case, the attorney of record withdraws and a new counsel comes on the scene, it lies within the discretion of the judge whether on motion a continuance will be granted. In acting upon the motion he must give full consideration to the rights discussed in the *Lindsey* case, *supra. Commonwealth* v. *Binkiewicz,* 342 Mass. 740, 745. We cannot say that there was an abuse of that discretion here. The defendant had been indicted in January, 1962, at which time he was incarcerated in Rhode Island. In July, his Rhode Island attorney had given indication that the defendant would have adequate representation at the time of trial. While it is true that the defendant was represented by a succession of attorneys and that the one who appeared for him finally at his trial had been his counsel three days only, it is also true that the defendant had had months available to him in which to secure counsel and plan his defence. The facts of the crime were not particularly complicated and, in these circumstances, defence counsel's lack of information was due primarily to the defendant's apparent want of diligence in his own behalf. There was no error in the denial of the motion for postponement of trial.

2. The record further discloses the following evidence: The defendant and a woman companion had entered a Springfield fur shop on September 18, 1961, and the woman

tried on a mink stole. They asked to see other merchandise and the furrier went to a back room in his shop. Thereupon, the defendant and his companion left the shop and the furrier returned to the front of his store to find them gone and the stole missing. He gave chase in company with others, including a policeman. The defendant was seen to remove the stole from under his coat and throw it on the ground immediately prior to his apprehension. Clearly, there was sufficient evidence to preclude a directed verdict for the defendant and to warrant a conviction. The evidence went beyond mere unexplained possession, but even mere possession of recently stolen articles may warrant a guilty verdict. *Commonwealth* v. *Taylor,* 210 Mass. 443, 444. *Commonwealth* v. *Torrealba,* 316 Mass. 24, 29. Considered in its entirety, the judge's charge correctly stated the law.

3. We perceive no error in the fact that a court room colloquy brought the defendant's criminal record to the attention of some members of the jury panel at the time of the defendant's arraignment. These jurors were excused by the judge and jurors called originally for service in civil cases in addition to other jurors called for service in criminal cases who had not heard the colloquy were drafted for the panel from which the jury which tried the defendant was drawn.

4. Nor was there error in allowing the defendant to be tried jointly with a codefendant. The judge in his discretion so ordered and there was no abuse of discretion. *Commonwealth* v. *Ries,* 337 Mass. 565, 570, and cases cited.

5. Other assignments of error by the defendant are without merit.

*Judgment affirmed.*