**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William James KIMBREW, Defendant-Appellant.**

**No. 16883.**

United States Court of Appeals Sixth Circuit.

July 20, 1967.

John W. Collis, Lexington, Ky., court appointed, for appellant.

G. Wix Unthank, Asst. U. S. Atty., Lexington, Ky., for appellee, George I. Cline, U. S. Atty., Lexington, Ky., on the brief.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Appellant William James Kimbrew and a co-defendant, William Hatfield Warrex, stood trial before a jury for violating 18 U.S.C. § 2314 by transporting falsely made and forged securities in interstate commerce.

On June 20, 1964, a number of American Express Company checks and a .22 caliber pistol were stolen from a Cincinnati, Ohio, residence. Testimony at the trial indicated that, on the next day, defendant Kimbrew negotiated some of these missing securities in various stores and motels in eastern Kentucky. The proprietor of one establishment became suspicious and alerted state police who apprehended Kimbrew and two companions and searched the car they were traveling in, finding more of the money orders and the stolen pistol.

The jury returned a verdict of guilty against Kimbrew. Appellant does not question that the prosecution's proofs were sufficient to permit a jury to convict him, but assigns as error the following: first, the alleged double jeopardy resulting from the dismissal of the initial indictment brought against him prior to trial, and the substitution of a second, almost identical, indictment; second, the change of plea made by co-defendant Warrex during trial and before the jury, and the subsequent identification by a witness of Warrex as an accomplice of Kimbrew; and third, the admission into evidence of the securities and gun, discovered by the police in the car in which Kimbrew was riding.

We affirm.

1) Double jeopardy.

A two-count indictment charging violations of 18 U.S.C. § 2314 was returned by a London, Kentucky, grand jury in November, 1964; it named as defendants Kimbrew, Warrex, and one Everett Bonds. A trial was scheduled for April, 1965.[1] When the case was called, however, the United States Attorney moved

---

1. Kimbrew and Warrex appeared at the appointed time. Defendant Bonds apparently misunderstood the trial date and was not present. He subsequently pleaded guilty to the charges brought against him.

to dismiss the indictment. His request was granted. He then presented another indictment, returned earlier in the month, this one containing three counts. The first and third counts were exactly the same as those in the first indictment; the new second count added a variation to the charges of criminal activity already made against Kimbrew and the others. Trial then ensued the following day.

■ Kimbrew claims that his trial on the first and third counts of the second indictment constituted double jeopardy. But the mere returning of an indictment, and its dismissal and substitution of another, does not place a person in legal jeopardy. Bassing v. Cady, 208 U.S. 386, 391, 28 S.Ct. 392, 52 L.Ed. 540 (1908). Jeopardy occurs only after a jury has been impaneled and sworn, or after a judge sitting as the trier of facts begins to hear the evidence. Hunter v. Wade, 169 F.2d 973, 975 (CA 10, 1948), aff'd 336 U.S. 684, 69 S.Ct. 834, 93 L. Ed. 974 (1949).

2) Co-defendant's plea of guilty in jury's presence.

Kimbrew and co-defendant Warrex were tried together. Shortly after the government's opening statement and after several witnesses had testified, Warrex, through his attorney, indicated to the presiding judge that he wished to change his plea from not guilty to guilty. The plea of guilty was made in open court, before the jury. Counsel for Kimbrew objected to this incident, and moved to set aside the jury on the ground that his client had been prejudiced thereby. The motion was denied. No request was made that the judge instruct the jury that Warrex' change of plea could not be considered by it in weighing the merits of Kimbrew's case.

■ Trial procedure in federal courts permits a change of plea by a co-defendant before the jury. United States v. Crosby, 294 F.2d 928, 948 (CA 2, 1961), cert. den. 368 U.S. 984, 82 S.Ct. 599, 7 L.Ed.2d 523 (1962); Koolish v. United States, 340 F.2d 513, 529–531 (CA 8, 1965), cert. den. 381 U.S. 951, 85 S.Ct. 1805, 14 L.Ed.2d 724 (1965). But courts of review have been sensitive to aggravating circumstances attending this sort of occurrence, see e. g., Gaynor v. United States, 101 U.S.App.D.C. 177, 247 F.2d 583 (1957); Payton v. United States, 96 U.S.App.D.C. 1, 222 F.2d 794 (1955); United States v. Toner, 173 F.2d 140 (CA 3, 1949), because of the danger that a jury will infer that the remaining co-defendants, who have not changed their pleas, are nevertheless guilty. There were no such aggravating circumstances here.

■ There was no request for a limiting or cautionary instruction, as required by Rule 30 F.R.Crim.P., and we will not, under the circumstances of this case, employ Rule 52(a) F.R.Crim.P. to find plain error. Casados v. United States, 300 F.2d 845, 849 (CA 5, 1962), cert. den. 373 U.S. 938, 83 S.Ct. 1543, 10 L.Ed.2d 693 (1963). There was strong and clear evidence of appellant's guilt, and in all events no substantial right of appellant was affected by this incident. Rule 52 (a) F.R.Crim.P.

■ Nor can the identification by a witness of Warrex, as being with Kimbrew while the latter negotiated some of the money orders, be regarded as prejudice likely to destroy or impair the fairness of Kimbrew's trial. The government had the right to prove the totality of circumstances surrounding the illegal transactions, including whom Kimbrew was with; and the witness was available for cross-examination as to her powers of recall and observation.

3) Search and seizure.

Appellant Kimbrew argues that a number of American Express Company checks and two pistols should not have been allowed in evidence, asserting that they were found by the police after an illegal search and seizure. At trial, when this claim was made, the District Judge excused the jury and an examination was conducted of the police officers who had arrested Kimbrew and his two

accomplices and searched the car they were riding in.

The officers explained they had been warned that three males, traveling in a maroon 1962 Ford with Kentucky license 573–790, were passing bogus checks or money orders at various motels around London, Kentucky. Driving on a highway near London, the officers observed a vehicle fitting the description given them, parked off the road, and they stopped to investigate; as the officers approached the car, three men got into it. One of the officers walked up to the driver's side and questioned the man sitting behind the wheel (co-defendant Warrex), who showed him an invalid vehicle registration certificate. The man was told to get out of the car and advised he was under arrest for carrying improper registration. At that point, the man who had been sitting next to him, later identified as appellant Kimbrew, suddenly reached under the seat. Immediately one of the other officers ordered him from the car. The officer then found a .22 caliber revolver hidden under the seat; Kimbrew was arrested for carrying a concealed weapon. The third man was ordered from the car also, and another pistol was found in his coat pocket. The policemen then searched the entire vehicle, and a number of the stolen money orders were discovered.

Quite clearly the circumstances permitted the search and seizure by these officers. The troopers had sufficient information when they approached the suspect car to believe that Kimbrew and the others sitting inside had committed an offense; that fact alone would have authorized their search of the vehicle and the appropriation of whatever evidence they found at the time they took the three individuals into custody. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); United States ex rel. Wilson v. La Vallee, 367 F.2d 351 (CA 2, 1966); United States v. McCall, 243 F.2d 858, 859 (CA 10, 1957). Likewise, the suspicious gesture of Kimbrew when he reached under the seat added to the justification of the officers' actions. Bell v. United States, 102 U.S. App.D.C. 383, 254 F.2d 82, 87 (1958), cert. den. 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113 (1958).

The judgment of conviction is affirmed.