**Donald R. BRANT, Petitioner,**

v.

**Palmer C. SCAFATI, Superintendent of the Massachusetts Correctional Institution at Walpole, Respondent.**

**Misc. Civ. No. 68–83–J.**

United States District Court
D. Massachusetts.

July 11, 1969.

John M. Hyson, Boston, Mass., for the petitioner.

Robert H. Quinn, Atty. Gen., Richard L. Levine, Asst. Atty. Gen., Boston, Mass., for the respondent.

## OPINION

JULIAN, District Judge.

Petitioner Donald R. Brant, a State prisoner, filed a petition for a writ of habeas corpus, 28 U.S.C. § 2241 et seq., seeking to overturn his State court conviction of larceny of a fur stole from a Springfield, Massachusetts, furrier. Petitioner was convicted on September 26, 1962, following a two-day jury trial in the Hampden County Superior Court. The Massachusetts Supreme Judicial Court affirmed. Commonwealth v. Brant, 1963, 346 Mass. 202, 190 N.E.2d 900.

Upon petitioner's request this Court appointed counsel to represent him here. An evidentiary hearing was held March 28, 1969, following which both sides filed memoranda of law.

1. Petitioner's first asserted basis for relief is his contention that he was deprived of his right under the Sixth and Fourteenth Amendments to the effective assistance of counsel in that the trial judge required petitioner to stand trial allegedly before defense counsel had sufficient time to prepare.

This issue was first raised by petitioner in the trial court by a "Motion To Postpone Trial To Prepare Defense," which was denied. The issue was repeatedly renewed during the course of trial when defense counsel, acting at the petitioner's direction, refused to cross-examine any prosecution witnesses and declined to present any defense, claiming lack of sufficient time to prepare. The issue was later presented to the Supreme Judicial Court, which upheld the trial judge's exercise of discretion in denying the motion, finding upon a review of the transcript and record that the

> "facts of the crime were not particularly complicated and, in these circumstances, defence counsel's lack of information was due primarily to the defendant's apparent want of diligence in his own behalf."

Commonwealth v. Brant, supra, 346 Mass. at 204, 190 N.E.2d at 902.

Petitioner contends that this State court determination should not be presumed to be correct, 28 U.S.C. § 2254(d), because the State trial court based its decision not upon sworn testimony but rather upon oral representations of counsel for both sides. As a result, petitioner argues, the trial court's factfinding procedure was inadequate to afford a full and fair hearing, § 2254(d) (2), the material facts were not adequately developed at the State court hearing, § 2254(d) (3), and he did not receive a full, fair and adequate hearing in the State courts, § 2254(d) (7).

Petitioner therefore proceeded in this Court to present additional evidence, not presented to either State court, bearing upon petitioner's diligence in preparing for trial.

I find that petitioner has failed to establish, nor does it otherwise appear, nor does the respondent admit, the existence of any of the circumstances enumerated in paragraphs 1 through 7 of 28 U.S.C. § 2254(d) with respect to the finding by the Massachusetts Supreme Judicial Court that he was not denied a reasonable time in which to prepare a defense. I further find that at the evidentiary hearing before me petitioner failed to establish by convincing evidence that this factual determination by the State court was erroneous. Therefore, in accordance with the provisions of 28 U.S.C. § 2254(d) the State court's determination is presumed to be correct and petitioner's claim that he was deprived of his constitutional right to the effective assistance of counsel is denied.

2. Petitioner's second asserted ground for relief is his claim that he was deprived of his right under the Sixth Amendment to be tried by an impartial jury as the result of various questions put to him by the trial judge at the arraignment and bail hearing. Petitioner alleges that he was thus required to disclose his prior prison record in the presence of the criminal jury panel from which were drawn the jurors who sat on his case.

This issue was raised before the Supreme Judicial Court which found, upon a review of the transcript, that

"[t]hese jurors were excused by the judge and jurors called originally for service in civil cases in addition to other jurors called for service in criminal cases who had not heard the colloquy were drafted for the panel from which the jury which tried the defendant was drawn." 346 Mass. at 205, 190 N.E.2d at 902.

Petitioner has suggested no reason why this determination by the State court should not be presumed to be correct, 28 U.S.C. § 2254(d), and it is therefore controlling. An independent review of the transcript, furthermore, reveals the correctness of the State court's finding and of its legal determination that petitioner was not prejudiced.[1]

Petitioner's claim on this ground is therefore denied.

3. Petitioner's next claimed ground for relief is actually twofold.[2] The first contention is that he was deprived of his right to a fair trial guaranteed by the Fourteenth Amendment by reason of the trial judge's refusal, over objection and appropriate motion, to sever the trial of petitioner and a codefendant on the larceny charge for which he is now imprisoned from the trial of petitioner on two other indictments—one charging larceny of two lamps from a Springfield hotel, and the other charging defrauding an innkeeper. Except for the fact that all three indictments charged petitioner and involved crimes alleged to have occurred in the same city on or about the same day, the three indictments had nothing else in common.[3]

Petitioner raised this contention in the Supreme Judicial Court, which rejected it without discussion. For purposes of exhausting State remedies that is sufficient. *See* Sokol, Handbook of Federal Habeas Corpus, (1965), § 23, p. 123. Ellis v. New Jersey, 1967, D.N.J., 282 F.Supp. 298, 300–301, cert. denied, 1968, 392 U.S. 938, 88 S.Ct. 2312, 20 L.Ed.2d 1397. This Court, however, need not reach the questions whether the denial of the severance motion was

---

1. The transcript (Exh. 1) reveals that, prior to empanelling petitioner's jury, the trial judge addressed the assembled criminal jury panel and asked those jurors to stand who had been present in the courtroom five days previously when petitioner was arraigned. Twelve jurors rose and were excused. The remaining members of that panel together with a panel of civil jurors formed the pool from which petitioner's jury was drawn. (Tr. 19–20, 22–23.)

After the jurors had been empanelled and sworn and after the remaining members of both panels had been excused, defense counsel asked the judge to question them regarding possible conversations between them and the excused members of the criminal jury panel regarding petitioner. That request was plainly untimely, and the trial judge's refusal to comply—although based on different, novel grounds—was correct.

2. Petition, ¶ C, p. 5. These two contentions were treated separately as Assignments of Error Nos. 3 and 4 before the Supreme Judicial Court (see Exh. 5).

3. The District Attorney's argument in opposition to severance was as follows:

"If your Honor please, we have had instances where we try 20 breaking and entering counts that occur at different times. It doesn't make any difference. This case, if your Honor please, they all arise out of the same arrival in Springfield. The same stay. There is no interval of time between them. All of these things occurred in the one visit to the City of Springfield. This isn't as though they came here on six or seven isolated occasions. This all occurred on the same visit to Springfield—all three of these things." (Tr. 21–22.)

prejudicial and, if so, whether the prejudice assumed constitutional significance. For the transcript reveals that the trial court, with the petitioner's consent given after he had consulted with his counsel, granted a mistrial as to the other two charges at the commencement of the second day of trial.[4] This claim therefore is rejected.

■ The second half of petitioner's contention, however, is that he was denied a fair trial as the result of the trial court's accepting a plea of guilty from petitioner's codefendant during the trial and in the presence of the jury.[5] This contention also was squarely raised before the Supreme Judicial Court and dismissed as being "without merit" without further discussion. Commonwealth v. Brant, supra, 346 Mass. at 205, 190 N.E.2d 900.

This claim raises a "substantial issue," Casados v. United States, 1962, 5 Cir., 300 F.2d 845, 848, cert. denied, 1963, 373 U.S. 938, 83 S.Ct. 1543, 10 L.Ed.2d 693, because of the "real danger" in cases involving joint acts that the jury will infer that the remaining codefendant, who has not changed his plea, is guilty also. United States v. Dardi, 1964, 2 Cir., 330 F.2d 316, 333, cert. denied, 1964, 379 U.S. 845, 85 S.Ct. 50, 13 L.Ed.2d 50, and, Gravis v. United States, 1964, 379 U.S. 869, 85 S.Ct. 117, 13 L.Ed.2d 73; United States v. Kimbrew, 1967, 6 Cir., 380 F.2d 538, 540. "The potential prejudice of such an occurrence is obvious * * *." Hudson v. North Carolina, 1960, 363 U.S. 697, 702, 80 S.Ct. 1314, 1317, 4 L.Ed.2d 1500.

■ Since the guilty plea by petitioner's codefendant was clearly not admissible as evidence against petitioner,[6] defense counsel's failure to object or to ask for cautionary instructions is surprising. Freije v. United States, 1967, 1 Cir., 386 F.2d 408 (dictum). On the other hand, the well-developed rule governing federal criminal trials permits the jury to be apprised of a codefendant's guilty plea, either through the codefendant's testimony[7] or through remarks by the trial judge[8] or even as the result of

---

4. Tr. 54. The mistrial was suggested by the trial judge (Tr. 53) as a way of treating a motion to discontinue the trial for 48 hours filed by petitioner at the commencement of the second day of trial.

5. See Tr. 49–55, 80. No cautionary instruction was requested by petitioner or his counsel then or later, nor was one given. At the commencement of his general charge to the jury the trial judge said merely:

 "Let me tell you just this: We started off here in this instance with four indictments. Now, we are down to one.

 "In two against this defendant, at his request, a motion for mistrial was granted this morning in order that he may obtain specific witnesses in order to defend the action. *In the other, which is against the girl, I think her name was Powers, she has pleaded guilty, so that as far as that offense is concerned you are not to consider that.* We have left here but one indictment and that is in essence— * * *" (Emphasis added.) (Tr. 80.)

6. Trussell v. United States, 1960, 6 Cir., 278 F.2d 478; Babb v. United States, 1955, 5 Cir., 218 F.2d 538, 541; United States v. Hall, 1950, 2 Cir., 178 F.2d 853; United States v. Toner, 1949, 3 Cir., 173 F.2d 140, 142. Accord, Kirby v. United States, 1899, 174 U.S. 47, 59, 19 S.Ct. 574, 43 L.Ed. 890; see Commonwealth v. Elisha, 1855, 69 Mass. (3 Gray) 460.

7. Baker v. United States, 1968, 9 Cir., 393 F.2d 604, 614, cert. denied, 1968, 393 U.S. 836, 89 S.Ct. 110, 21 L.Ed.2d 106; United States v. Mahler, 1966, 2 Cir., 363 F.2d 673, 678; Smith v. United States, 1964, 8 Cir., 331 F.2d 265, 276, cert. denied, 1964, 379 U.S. 824, 85 S.Ct. 49, 13 L.Ed.2d 34; United States v. Aronson, 1963, 2 Cir., 319 F.2d 48, 51–52; Jiron v. United States, 1962, 10 Cir., 306 F.2d 946.

8. United States v. Kahn, 1967, 7 Cir., 381 F.2d 824, 837, cert. denied, 1967, 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661; Morgan v. United States, 1967, 9 Cir., 380 F.2d 686, 694; cert. denied, 1968, 390 U.S. 962, 88 S.Ct. 1064, 19 L.Ed.2d 1160; United States v. Kelly, 1965, 2 Cir., 349 F.2d 720, cert. denied, 1966, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544; Koolish v. United States, 1965, 8 Cir., 340 F.2d 513, cert. denied, 1965, 381 U.

witnessing the plea in open court,[9] *provided* the court instructs the jury that the plea cannot form the basis of any inference as to the guilt of the remaining defendant.

With one exception, however, the federal cases have uniformly dealt with this rule as one of federal criminal procedure rather than as one grounded on constitutional interpretation. Even the Supreme Court in Hudson v. North Carolina, *supra,* was content to emphasize North Carolina decisions as foundation for the rule without alluding to any overriding federal constitutional principle compelling the result. 363 U.S. at 702, 80 S.Ct. 1314. Only in Bearden v. United States, 1968, 5 Cir., 403 F.2d 782, cert. denied, 1969, 393 U.S. 1111, 89 S.Ct. 920, 21 L. Ed.2d 808, was the issue raised and treated as one of possibly constitutional proportions, and there the error was held under the circumstances to have been "harmless beyond a reasonable doubt" under Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

■ This Court is therefore of the opinion that, whatever prejudice, if any, stemmed from the trial court's having permitted petitioner's codefendant to plead guilty in the jury's presence during the trial without having given cautionary instructions, was not so great as to have been of federal constitutional importance. Consequently an application for a writ of habeas corpus does not lie in this Court to consider the claim. 28 U.S.C. § 2254(a). Baranow v. Scafati, Misc. Civil No. 67–42–J (D.Mass., Sept. 29, 1967), certificate of probable cause denied (1 Cir., Nov. 3, 1967) ; Geagan v. Gavin, 1960, D.Mass., 181 F.Supp. 466, 470, aff'd, 1961, 1 Cir., 292 F.2d 244, cert. denied, 1962, 370 U.S. 903, 82 S.Ct. 1247, 8 L.Ed.2d 399 ; accord, Peters v. Rutledge, 1968, 5 Cir., 397 F.2d 731, 734 n. 5 ; Sutherland v. Wainwright, 1968, 5 Cir., 399 F.2d 303 ; Mooneyham v. Kansas, 1964, 10 Cir., 339 F.2d 209, 210 ; Jackson v. California, 1964, 9 Cir., 336 F.2d 521, 524 ; cf. Townsend v. Sain, 1963, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770. And it is therefore unnecessary for this Court to consider the applicability of the federal rule to petitioner's case in terms of possibly aggravated circumstances [10] or possible waiver by the petitioner.[11]

■ If the holding were otherwise— i.e., that the claimed error created prej-

S. 951, 85 S.Ct. 1805, 14 L.Ed.2d 724 ; United States v. Dardi, *supra* ; United States v. Crosby, 1961, 2 Cir., 294 F.2d 928, cert. denied sub nom. Meredith v. United States, 1962, 368 U.S. 984, 82 S.Ct. 599, 7 L.Ed.2d 523 ; Wood v. United States, 1960, 8 Cir., 279 F.2d 359 and cases cited ; United States v. Beatty, 1968, D.Md., 282 F.Supp. 202.

9. Bearden v. United States, 1968, 5 Cir., 403 F.2d 782, cert. denied, 1969, 393 U.S. 1111, 89 S.Ct. 920, 21 L.Ed.2d 808 ; Slocum v. United States, 1963, 8 Cir., 325 F.2d 465, 467 ; Casados v. United States, 1962, 5 Cir., 300 F.2d 845, cert. denied, 1963, 373 U.S. 938, 83 S.Ct. 1543, 10 L.Ed.2d 693 ; Nemec v. United States, 1950, 9 Cir., 178 F.2d 656, cert. denied, 1950, 339 U.S. 985, 70 S.Ct. 1006, 94 L.Ed. 1388 ; accord, Freije v. United States, 1967, 1 Cir., 386 F.2d 408, 411 (dictum).

10. United States v. Kimbrew, *supra,* 380 F.2d at 540 ; Casados v. United States, *supra,* 300 F.2d at 848 ; Gaynor v. United States, 1957, 101 U.S.App.D.C. 177, 247 F.2d 583.

11. Failure on the part of the remaining defendant to object or to request a cautionary instruction was considered a basis for relaxing the federal rule in : Bearden v. United States, *supra,* 403 F.2d 782 ; United States v. Kimbrew, *supra,* 380 F.2d at 540 ; Osborne v. United States, 1967, 4 Cir., 371 F.2d 913, 923–924, cert. denied, 1967, 387 U.S. 946, 87 S.Ct. 2082, 18 L.Ed.2d 1335 ; United States v. Restaino, 1966, 3 Cir., 369 F.2d 544, 555 ; Krueger v. United States, 1964, 8 Cir., 331 F.2d 283, cert. denied, 1964, 379 U.S. 879, 85 S.Ct. 149, 13 L.Ed.2d 87 ; Jiron v. United States, *supra,* note 7, 306 F.2d· 946 ; Davenport v. United States, 1958, 9 Cir., 260 F.2d 591, 595–596, cert. denied, 1959, 359 U.S. 909, 79 S.Ct. 585, 3 L.Ed. 2d 573 ; Richards v. United States, 1951, 10 Cir., 193 F.2d 554, cert. denied sub nom. Krupnick v. United States, 1952, 343 U.S. 930, 72 S.Ct. 764, 96 L.Ed. 1340.

udice of federal constitutional proportions—petitioner would in any event be required to present the claim once again to the State courts for a determination in the first instance whether under the rule of Chapman v. California, *supra,* announced since petitioner's case was before the State court, the error was harmless beyond a reasonable doubt. Foster v. California, 1969, 394 U.S. 440, 444, 89 S.Ct. 1127, 22 L.Ed.2d 402; see Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (June 2, 1969); Subilosky v. Massachusetts, 412 F.2d 691 (1 Cir., June 30, 1969).

 4. Petitioner's next claimed ground for relief is that he was deprived by the trial court of his right under the Sixth and Fourteenth Amendments to have compulsory process for obtaining witnesses in his favor. At the start of the second day of trial petitioner moved for a postponement of trial so that, inter alia, he might subpoena an alleged eyewitness, one Pandozi. The trial judge agreed to authorize issuance of the subpoena and stated:

> "We will continue with the trial as far as that is concerned and if we get to the particular point we will adjourn and give him an opportunity to be here tomorrow." (Tr. 51–53.)

Petitioner now complains that, in spite of the foregoing, the trial was concluded that day without any continuance.

The simple answer, which doubtless led the Supreme Judicial Court to dismiss this claim as "without merit" without further discussion, Commonwealth v. Brant, *supra,* 346 Mass. at 205, 190 N.E. 2d 900,[12] is that petitioner rested at the conclusion of the State's evidence without renewing the request for continuance or otherwise mentioning the matter. (Tr. 79.) For that reason I find the claim utterly without merit.

 5. Petitioner contends finally that he was denied his Fourteenth Amendment right to a fair trial by an impartial jury as the *cumulative result* of a series of incidents which occurred during and in connection with the trial. Several but not all of the incidents have also been raised, and treated above, as separate constitutional claims. In connection with his argument that the cumulative effect of these instances was prejudicial, petitioner lists the following:

a. Petitioner was required over objection to stand trial simultaneously on three unrelated charges. This point was considered above as a separate claimed constitutional issue. In addition, however, petitioner urges that other incidents which related to this should be considered. For example, prior to trial defense counsel protested to the court that he was unprepared to go forward with the cases because, among other things, he had not had an opportunity to investigate the circumstances of a search and seizure and to move to suppress evidence so obtained. (Tr. 10–11.) The District Attorney, who moments before had denied any knowledge of a search and seizure problem "or anything of that nature" (Tr. 3), then stated:

> "We waive that case, your Honor. Let that go on the search and seizure. We won't even bring it up. We'll go ahead on the fur stole." (Tr. 11.)

Nothing more was mentioned with regard to this point until commencement of the trial, when, during the empanelling of the jury, the clerk called all three indictments against petitioner. Defense counsel protested that he had understood, as a result of the District Attorney's earlier statement, that two of the indictments would be continued. (Tr. 20.) The District Attorney's response is reproduced in the margin.[13] Trial then proceeded on all three indictments.

12. Petitioner recited these circumstances as the basis for his Assignment of Error No. 6 in the Supreme Judicial Court.

13. MR. RYAN: "I said at that particular time, your Honor, when he started talking about suppression, that he had some such a motion that if there was any merit to the thing at all we would put it over until January. I have no intention at this time of putting the cases over until January. There was no such motion and

b. Petitioner also argues that as a result of the consolidation of the indictments the following occurred. The jury was informed of the nature of the various indictments by the Clerk. (Tr. 20.) There followed arguments on the question of severance in the presence of the jury (Tr. 21).[14] Shortly thereafter the District Attorney in his opening statement told the jury about the evidence he expected to offer with respect to the larceny of the lamps and the defrauding of the innkeeper. (Tr. 29–30.) At the beginning of the second day of trial there was an extensive discussion in the jury's presence with respect to the same two indictments. (Tr. 49–55.) The effect of these incidents on the jury's mind could not possibly have been cured, petitioner contends, by the judge's instructions on this point, set forth in note 5, *supra*.

c. In his opening statement to the jury the District Attorney stated with respect to the charge of larceny of two lamps that, following a search of petitioner's car, a search had been made of "the room that these two people had occupied as husband and wife, Mr. Brant and Adrienne Powers." This statement, petitioner argues, had no relevance to any charge against either defendant. At the least, it was unnecessary.

d. In the course of trial petitioner's codefendant pleaded guilty in the jury's presence.

e. The trial judge refused to question the jurors selected to determine whether they had spoken with any of the excused jurors concerning petitioner's statements at his arraignment.

At no time has petitioner ever presented to any State court the claim which he now advances here, namely, that the *cumulative effect* of the foregoing was so prejudicial as to have deprived him of a fair trial before an impartial jury.

Despite petitioner's arguments that habeas corpus and writ of error remedies are not clearly available, it is clear that petitioner can *at any time* present this claim to a justice of the Superior Court by a motion for a new trial, pursuant to Mass. Gen. Laws c. 278, § 29 (as amended by St. 1966, c. 301), which provides:

> "If it appears to the court that justice may not have been done, a justice of the superior court may at any time, upon motion in writing of the defendant, grant a new trial."

The Massachusetts Supreme Judicial Court recently held that if in such a proceeding it appears that "the original trial was infected with prejudicial constitutional error the judge has no discretion to deny a new trial." Earl v. Commonwealth, Mass., 248 N.E.2d 498, 500.

Petitioner has therefore failed to exhaust available State remedies with regard to this constitutional issue, and this Court does not reach it. 28 U.S.C. § 2254(b) and (c).[15]

The petition for a writ of habeas corpus is denied.

---

there is no such allegation as to suppression of evidence." (Tr. 20–21.)

14. It was during this argument that the District Attorney made the statements quoted earlier in this opinion at page 5, note 3. The transcript reveals that defense counsel questioned the holding of argument in the jury's presence. (Tr. 21.)

15. 28 U.S.C. § 2254:
"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
"(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."