COMMONWEALTH vs. RALPH C. HAMM.

Essex.   April 6, 1970. — May 1, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Grand Jury. Practice, Criminal,* Fair trial, Continuance, Trial of defendants together.

There was no merit in a contention in a criminal case that failure of the clerk of the grand jury which indicted the defendant to record the testimony of witnesses before it violated G. L. c. 277, § 10, and prevented him from receiving a fair trial.

In the circumstances, there was no error in a criminal case in an order by the trial judge directing the trial to proceed as to a defendant after the judge had allowed a continuance to a codefendant which precluded a joint trial.

INDICTMENTS found and returned in the Superior Court on January 9, 1969.

The cases were heard without jury by *Good*, J.

*Bruce N. Sachar (David I. Shactman* with him) for the defendant.

*Peter F. Brady,* Assistant District Attorney, for the Commonwealth.

REARDON, J.   The defendant appeals from his convictions in a trial subject to G. L. c. 278, §§ 33A–33G, on a variety of charges including armed robbery, mayhem, assault to rape, and assault to murder.   These were brought as a result of exceedingly vicious assaults upon two individuals parked in an area in the city of Lawrence about 1 A.M. on November 23, 1968.   The disposition of the two assignments of error pressed by the defendant does not make necessary an account of the details of the crimes.   We treat with the assignments as follows.

1. The defendant first complains that the failure of the clerk of the grand jury who indicted him to record the testimony of witnesses appearing before them violated G . L.

c. 277, § 10,[1] and prevented him from receiving a fair trial. The contention of the defendant here has been treated by us recently in *Commonwealth* v. *Salerno,* 356 Mass. 642, 648. For the reasons there stated it is our view that there is nothing in this assignment by the defendant.

2. The defendant alleges error in the order of the trial judge directing the trial to proceed as to him after having first denied a motion to sever of a codefendant, Robert Preston, following which the judge allowed a continuance as to Preston only. The defendant claims that the judge, having agreed to continue the cases of Hamm, Preston, and a third codefendant, Emanuel Smith, with no apparent justification reversed his ruling and ordered the cases against the defendant Hamm to proceed. The defendant claims that he was prejudiced in that this action deprived him of his right to cross-examine Preston and that he had based "his entire preparation upon a joint trial of all three co-defendants." It appears from the transcript that the allowance of the continuance to Preston was given because his attorney had had his case for only thirteen days. Smith pleaded guilty on June 25, 1969, the day the trial commenced. The defendant's attorney had been counsel for him for five months, with ample time to prepare for trial. *Commonwealth* v. *Brant,* 346 Mass. 202.

We see no error in the refusal of the trial judge to grant the continuance requested. *Commonwealth* v. *Smith,* 353 Mass. 442, 444–446.

*Judgments affirmed.*

---

[1] "The grand jury may appoint one of their number to be their clerk, and he shall keep a record of their proceedings and, if the jury so direct, shall deliver it to the attorney general or district attorney."